In re Joseph J. DONAHUE, Debtor.

Joseph J. Donahue, Plaintiff,

v.

United States of America, Defendant.

Bankruptcy No. 95–16264–CJK.
Adversary No. 00–1151.

United States Bankruptcy Court,
D. Massachusetts.

May 19, 2000.

Adam S. Zaff, Boston, MA, for debtor.

Stephen J. Turanchik, Tax Div. of U.S. Dept. of Justice, Washington, DC, for U.S.

### *MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS*

CAROL J. KENNER, Bankruptcy Judge.

By his complaint in this adversary proceeding, Debtor Joseph Donahue seeks (1) a determination that, by virtue of his Chapter 13 plan payments and subsequent Chapter 13 discharge, the federal income tax claims against him for tax years 1989 through 1994 are fully discharged; (2) a further determination that the claims of the United States against his non-debtor wife, Karen A. Donahue, arising from the same income-all his, but reported on a joint tax return-have been discharged by virtue of his completion of his Chapter 13 plan; and (3) an order compelling the United States to release its tax lien against

the interest of Karen Donahue in the home she owns jointly with the Debtor. The adversary proceeding is before the Court on the motion of the United States to dismiss the complaint for lack of subject matter jurisdiction. The Debtor opposes the motion. For the reasons set forth below, the Court holds that its has subject-matter jurisdiction over all three requests for relief and, accordingly, will deny the motion.

*Facts*

The complaint recites the following facts, which, for purposes of this motion, I take to be true. In March and August of 1994, the United States filed certificates of federal tax liens against the interests of Joseph Donahue and his wife, Karen Donahue, in their residence.

Joseph Donahue ("the Debtor") filed a petition for relief under Chapter 13 of the Bankruptcy Code on September 15, 1995. Karen did not join in the petition. At the time, the Debtor was indebted to the United States for income taxes, with interest and penalties thereon, for the years 1989 through 1994. The taxes owing for these years were entirely for income earned by Joseph. None was attributable to income of Karen, but Joseph and Karen filed joint federal tax returns for the years at issue.

The Debtor listed the United States as a creditor in his bankruptcy schedules, and the United States, through the Internal Revenue Service (IRS), filed a proof of claim in the case, asserting a secured claim of $14,605.25, a priority claim of $1,377.26, and a non-priority unsecured claim of $328.00; these amounts included prepetition interest on the taxes owing. Through his confirmed plan, the Debtor paid the secured and priority claims in full and paid $80.13 on the unsecured claim, more than the ten percent that the plan required for unsecured claims. On February 5, 1999, with the Debtor having completed the payments required by the plan, the Court entered a Chapter 13 discharge order in his favor. The Court closed his case on February 18, 1999.

On November 29, 1999, the IRS notified both Joseph and Karen Donahue that they continued to owe a total of $2,291.67 for tax years 1989 through 1992. According to the Debtor, this amount consisted of interest that accrued after the filing of the bankruptcy petition. (From the facts recited above, I surmise that it may also have included the unpaid portion of the unsecured claim.) In the same notice, the IRS threatened to levy on the Donahues' assets if they did not pay the amounts owing.

On January 28, 2000, the Debtor moved to reopen this case in order to seek a determination of his income tax liability for tax years 1989 through 1992. With the motion to reopen, he filed a motion to determine the extent and validity of his tax liability for the years in question. The motion sought no relief with respect to the liability of Karen Donahue. No opposition having been filed, the Court allowed the motion to reopen the case. However, because the relief sought requires the filing of an adversary complaint under the Rules of Part VII of the Federal Rules of Bankruptcy Procedure, the Court denied without prejudice the Debtor's motion to determine the extent and liability of his liability and directed the Debtor file an adversary complaint.

The same day as the Debtor filed his motion to reopen, the United States reversed its position as to the liability of Joseph Donahue only. On January 28, 2000, the United States issued one or more Certificates of Release of Federal Tax Lien. The certificates released the United States' tax liens on the Debtor's residence with respect only to the Debtor's liability for the taxes. The certificate expressly states that "the lien is not released as it relates to Karen A. Donahue." In a subsequent letter to counsel for Joseph Donahue, the IRS acknowledged that the tax liabilities of Joseph—but not Karen–Donahue for tax years 1989 through 1994 have been discharged and that "the bills re-

ceived for tax years 1989 through 1992 were sent in error."

On March 15, 2000, the Debtor alone filed the complaint commencing this adversary proceeding. In it, he seeks the relief for which he sought to reopen the case: a determination that, by virtue of his Chapter 13 plan payments and subsequent Chapter 13 discharge, the federal income tax claims against him for tax years 1989 through 1994 are fully discharged. Karen Donahue did not join in the complaint, but the complaint also seeks relief as to her liability: a determination that the claims of the United States against her for the same tax years, arising from the same income, have been discharged by virtue of his completion of his Chapter 13 plan; and an order compelling the United States to release its tax lien against her interest in the home she owns jointly with the Debtor. The United States has not yet filed an answer.

### Motion to Dismiss

The United States now moves to dismiss the entire complaint on the basis that the Bankruptcy Court lacks subject-matter jurisdiction to adjudicate the income tax liability of a person other than the debtor. The United States argues that the complaint serves no bankruptcy purpose and therefore does not fall within the Bankruptcy Court's jurisdiction under 11 U.S.C. § 505(a) to "determine the amount or legality of any tax." The Debtor responds that the Court's jurisdiction does extend to his wife's tax liability because (1) the language of § 505(a) permits the court to determine the amount or legality of "*any* tax, *any* fine or penalty relating to a tax, and *any* addition to tax," 11 U.S.C. § 505(a) (emphasis added), and because (2) the disputed tax will affect the Debtor's rehabilitation in that "the arrears will all

be taken from the income the plaintiff produces." Plaintiff's Memorandum, pp. 4–5.

The Court begins by noting that the United States' motion fails to address the claim for relief that the Debtor asserts with respect to his own liability. The Court has jurisdiction to determine the extent to which that liability has been discharged. Therefore, the motion to dismiss must be denied as to the claim for relief concerning the Debtor's liability.[1]

■■■ This leaves only the question of the Court's jurisdiction to determine the wife's liability. Section 505(a) of the Bankruptcy Code authorizes the Bankruptcy Court to determine "*any* tax" and "*any* addition to tax" but plainly was not meant to turn the Bankruptcy Court into a tax court of general jurisdiction. The Court can determine a tax under § 505(a) if that determination otherwise falls within its jurisdiction. In relevant part, the Bankruptcy Court's jurisdiction is limited to "proceedings arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. §§ 1334(b) and 157(a)–(c).

■■ In this instance, Karen Donahue's tax liability arose under federal tax law, not the Bankruptcy Code. However, the Debtor is not here disputing her liability on non-bankruptcy grounds. Rather, the claims that the Debtor now asserts arise under the Bankruptcy Code, as a function of the relief to which he is entitled in his Chapter 13 case. In essence, the Debtor is arguing that, by virtue of his successful completion of his Chapter 13 plan, his wife's joint liability for the tax debt at issue has been satisfied in full. In other words, the satisfaction of her liability is among the benefits to which, *under the Bankruptcy Code, he is entitled.* For

---

1. From the Debtor's recitation of facts in the complaint, it appears that the United States now agrees that its claims against the Debtor and his property are now satisfied or discharged and that the United States can have no further recourse against him or his interests in property to satisfy its claims for tax years 1989 to 1994. In view of the alleged post-discharge collection efforts by the United States, the Debtor is justified in seeking judgment to that effect, and, if there is no disagreement on the matter, the parties can agree to entry of judgment with respect to the Debtor's lack of liability.

present purposes, I need not decide at this early stage of the adversary proceeding whether the Debtor is correct. I need only determine whether a complaint based on that proposition is one that arises either under the Bankruptcy Code or in a case under the Bankruptcy Code. I hold that it arises both under the Bankruptcy Code and in a case under the Bankruptcy Code and, therefore, that the Court has subject-matter jurisdiction over it. Moreover, I hold that this matter constitutes a core proceeding.

### ORDER

For the reasons set forth above, the United States' Motion to Dismiss is hereby DENIED.